THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN HASKINS, Defendant.

City Court of New Rochelle, February 11, 1948.

*Aaron Simmons, Corporation Counsel (Murray C. Fuerst* of counsel), for plaintiff.

*Nathan Norman Shuman* for defendant.

FASSO, J. The defendant herein is charged with ·a violation of subdivision 4 of section 1897 of the Penal Law of the State of New York. Since he was convicted of a misdemeanor on a prior occasion, the charge against him constitutes a felony. The defendant requested upon arraignment a preliminary hearing in this court, and, as a result, there was submitted to the court for its consideration the testimony of the People.

This testimony reveals that there was found under the mattress of the bed of the defendant a .25 caliber pistol. Upon the conclusion of the hearing, the attorney for the defendant moved for a dismissal of the charge upon the theory that the pistol did not constitute a ''pistol, revolver, or other firearm'' within the meaning of the section which the defendant is charged with having violated.

This section, manifestly, seeks to prohibit the use and possession of dangerous weapons. What was found on the defendant was, of course, a weapon, but, query, was it a dangerous one? It is difficult, if not impossible, to adopt any hard and fast rule. This court is of the opinion that a weapon is dangerous within the meaning of the statute either when it can be fired or when, with reasonable preparation, it can be made effective and fit

for the use for which it was manufactured. What constitutes a reasonable preparation depends, of course, upon the time required, the changes that have to be made in the weapon, the parts which have to be inserted and all the other attendant factors and circumstances.

A police officer, Patrolman William Lehr, who, according to the testimony, is a well known and highly capable authority on firearms, testified that it was impossible to fire the weapon and that it would take an expert at least one hour to place the gun found on the defendant in condition for use. There was no evidence that the defendant had any knowledge of firearms. It is apparent, therefore, that the defendant could not have made the gun effective with reasonable preparation. Consequently, the court must conclude that the weapon found on the defendant was not a dangerous one within the meaning of the statute under consideration.

The charge against the defendant is, for the reasons mentioned, dismissed and bail is released.